09-3393-ag
Li v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            JOHN M. WALKER, JR.,
            DEBRA ANN LIVINGSTON,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
REN AI LI,
        **Petitioner**,

        **-v.-**                                      **09-3393-ag**

ERIC H. HOLDER, JR.,
        **Respondent**.
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR PETITIONER:**    MATTHEW L. KOLKEN, Kolken & Kolken, Buffalo, NY.

**APPEARING FOR RESPONDENT:**    JAMIE DOWD (Susan Houser, Francis Fraser, Tony West, on the brief), Office of Immigration Litigation,

1

Department of Justice,
Washington, DC.

Petition for review of a final order from the Board of Immigration Appeals ("BIA") denying a motion to reopen a final order of exclusion.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Ren Ai Li, a citizen and national of China, petitions for review of a final order of the BIA denying his motion to reopen his 1995 order of exclusion. We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of a motion to reopen for abuse of discretion." Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir. 2006). "In general, when a respondent who has been ordered excluded *in absentia* moves to reopen the proceedings by showing reasonable cause, the IJ has broad discretion to grant or deny that motion based on all the facts and circumstances involved, including the general strength and plausibility of the evidentiary showing that the movant has made." Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005) (internal quotation marks and citations omitted).

Here, Li attempts to demonstrate reasonable cause for missing an August 1995 hearing that led to a decision issued

2

*in absentia*. He argues that he lacked notice from the court or his own attorney. However, the record demonstrates that Li received oral notice of the August 1995 hearing at an April 1995 hearing (and that he understood the translation of that oral notice), and that he received written notice of the new hearing date. Either of these notices would have been independently adequate. See 8 C.F.R. § 1003.26.

Li concedes that he "do[es] not recall why [he] was not at the August 3, 1995 hearing." As the notice Li received was adequate, and he cannot remember why he missed the hearing, the BIA did not abuse its broad discretion by denying the motion to reopen.

Finding no merit in Li's remaining arguments, we hereby **DENY** the petition.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK